**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MITCHELL MOORE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-01624-HEA |
| | ) |
| CLAY STANTON, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Mitchell Moore, Jr. for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.66. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $8.29. The Court will therefore assess an initial partial filing fee of $1.66, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Clay Stanton as the defendant. (Docket No. 1 at 2). Major Stanton is sued in an individual capacity only.

In his "Statement of Claim," plaintiff asserts that on April 29, 2020, he was an inmate at the "Eastern Correctional Center," where Stanton "was the Major." (Docket No. 1 at 3). At 3:30 p.m., plaintiff "became psychotic and declared [he] was suicidal." He was removed from his cell and placed on "special security orders" by Major Stanton, after plaintiff was accused of assaulting a correctional officer.

On April 30, 2020, at approximately 9:50 a.m., plaintiff "again became psychotic and began banging [his] head against the wall." He also "pressed the call button to inform staff [he] needed to see medical." When "medical arrived" he was advised that Major Stanton had ordered plaintiff's cell doors to "not be opened under [any] circumstances." (Docket No. 1 at 4). At

approximately 12:50 p.m., plaintiff states that he "became angry and urinated on the cell floor." Just "moments later," he completely "covered the cell door window…and camera with feces."

After this incident, the mental health director visited plaintiff in his cell, and plaintiff agreed to clean up the mess. However, plaintiff states that the mental health director returned to tell him that Major Stanton had ordered that plaintiff not be given cleaning supplies, and that plaintiff's door not be opened under any circumstances.

On the morning of May 5, 2020, plaintiff was contacted by a correctional staff member and asked whether he would come out of his cell peacefully in order to shower and be placed in a different cell. Plaintiff states that he agreed with this request. At approximately 3:30 p.m. on May 5, he was allowed to take a shower and move into a clean cell.

Plaintiff alleges that he "was punished and refused medical treatment, and was forced to live in an [unsanitary] environment from April 30, 2020, to May 4, 2020." He further asserts that he "was subjected to cruel and unusual punishment" that caused him "mental stress." As a result, plaintiff is seeking $30,000 for each day spent in his unsanitary cell, for a total of $150,000 in damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing Major Stanton of denying him medical care and of subjecting him to cruel and unusual punishment by not allowing him to clean his cell after urinating and defecating in it. For the reasons discussed below, the complaint is subject to dismissal. However, the Court will give plaintiff the opportunity to file an amended complaint.

### A. Deficiencies in Complaint

In his complaint, plaintiff brings two Eighth Amendment claims against Major Stanton. First, he accuses Major Stanton of being deliberately indifferent to his medical needs. Second, he alleges that Major Stanton subjected him to an unconstitutional condition of confinement by not allowing him to clean his cell, and by forcing him to remain in an unsanitary cell from April 30, 2020 to May 4, 2020.

With regard to his deliberate indifference to medical needs claim, plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Here, plaintiff states that he banged his head against the wall, and then called to inform staff that he needed to see medical. When medical staff arrived, plaintiff was advised that he would not be allowed out of his cell, even to examine his head. These facts are not sufficient to demonstrate that plaintiff suffered from an objectively serious medical need. That is, plaintiff provides no indication as to the extent of his injuries, if any, or that his medical need was "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Therefore, this claim is subject to dismissal.

As to plaintiff's conditions of confinement claim, plaintiff has a right under the Eighth Amendment to "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *See Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020). In order to allege an Eighth Amendment violation, a prisoner must prove that the defendant's conduct objectively rose to the level of a constitutional violation, "by depriving the plaintiff of the minimal civilized measure of life's necessities." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). "The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id*. *See also Saylor v. Nebraska*, 812 F.3d 637, 643 (8th Cir. 2016) (stating that with regard "to prison conditions, confinement, and medical care while in prison, the constitutional question is whether defendants acted with deliberate indifference"). A prison official is deliberately indifferent if he or she "knows of and disregards…a substantial risk to an inmate's health or safety." *Saylor*, 812 F.3d at 644.

In this case, plaintiff presents facts to show that he urinated in his own cell, and later covered the cell door window and camera with his feces. Afterwards, he states that Major Stanton would not give him cleaning supplies or let him out of the cell. As a result, plaintiff remained in the cell between April 30, 2020 and May 4, 2020. While plaintiff has described the unsanitary conditions in his cell, he has not presented facts showing that Major Stanton's actions amounted to deliberate indifference. In other words, plaintiff has not shown that Major Stanton evinced a knowing disregard to "a substantial risk to [plaintiff's] health or safety." Therefore, this claim is also subject to dismissal.

Because plaintiff is a self-represented litigant, the Court will give him an opportunity to submit an amended complaint according to the instructions set forth below.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

8

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.66 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall filed an amended complaint on the Court form within **thirty (30) days** of the date of this order, according to the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 4th of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE