## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL MOORE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01624-HEA |
| | ) | |
| CLAY STANTON, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Mitchell Moore, Jr.'s amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court will dismiss plaintiff's official capacity claim against defendant Clay Stanton. However, the Court will direct the Clerk of Court to issue process on Stanton in his individual capacity as to plaintiff's conditions of confinement claim.

## Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On November 12, 2020, he filed a civil action under 42 U.S.C. § 1983. (Docket No. 1). The complaint named Clay Stanton, a major at the Missouri Eastern Correctional Center, as the defendant. Major Stanton was sued in an individual capacity only. Plaintiff also moved for leave to proceed in forma pauperis. (Docket No. 2).

In the complaint, plaintiff stated that on April 30, 2020, he became psychotic, banged his head against the wall, and asked to see medical. When he was informed that Major Stanton had ordered that his cell door not be opened, he urinated on the cell floor, and then covered the cell door window with feces. Major Stanton allegedly refused to allow plaintiff cleaning supplies. As

such, plaintiff claimed that he had been forced to stay in an unsanitary environment from April 30, 2020 to May 4, 2020, causing him mental stress. He also contended that he was refused medical treatment.

On March 4, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis, and assessed an initial partial filing fee. (Docket No. 8). The Court also reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. Based on that review, the Court noted that plaintiff had brought two Eighth Amendment claims, one asserting deliberate indifference to his medical needs, the other alleging unsanitary living conditions. Both claims were determined to be subject to dismissal. With regard to the deliberate indifference to medical needs claim, the Court stated that plaintiff had not demonstrated that he suffered from an objectively serious medical need. As to the unsanitary conditions of confinement claim, the Court explained that plaintiff had presented no facts establishing that Major Stanton evinced a knowing disregard to "a substantial risk to [plaintiff's] health or safety."

Rather than dismissing the complaint, plaintiff was given an opportunity to amend. The Court provided amendment instructions in its order. Plaintiff was given thirty days to comply. On March 18, 2021, he submitted his amended complaint. (Docket No. 9).

### The Amended Complaint

Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983. As before, he names Major Stanton as the sole defendant. (Docket No. 9 at 2). Major Stanton is sued in both an official and individual capacity. At the time the events in the amended complaint took place, plaintiff was an inmate at the Missouri Eastern Correctional Center.

In his "Statement of Claim," plaintiff asserts that on April 29, 2020, at approximately 3:30 p.m., he became psychotic and declared himself suicidal. (Docket No. 9 at 3). He was removed

from his cell and "placed on special security orders" by Major Stanton. According to plaintiff, he was placed on "special security orders" after he was "accused of assaulting" a correctional officer.

On April 30, 2020, plaintiff became psychotic again, "and urinated on the cell floor." Shortly afterward, plaintiff covered both the cell door window and the camera with feces. Subsequently, Mental Health Director Thomas Irwin visited him in his cell. (Docket No. 9 at 3-4). At that point, plaintiff agreed to clean up the mess. (Docket No. 9 at 4). However, only minutes later, Mental Health Director Irwin returned and advised plaintiff that Major Stanton had ordered that he not be given cleaning supplies. Major Stanton also ordered that plaintiff's cell door not be opened under any circumstances.

Plaintiff states that he is a "[chronic] care patient of mental health." He further asserts that Major Stanton knew that he suffers from a mental illness that causes him "to explode at times." Despite this knowledge, plaintiff alleges that Major Stanton "disregarded [his] health and safety by ordering" that he be left in an "unsanitary environment from April 30, 2020 to May 4, 2020."

On May 4, 2020, plaintiff was contacted on the cell's speaker and asked if he would come out of the cell peacefully. Plaintiff agreed, at which point he was allowed to shower and was moved to a clean cell. He states that an "inmate hazardous worker" then cleaned the cell he had recently occupied.

Plaintiff claims that he was "forced to live in [an unsanitary] and unsafe environment from April 30, 2020 to May 4, 2020." As a result, plaintiff seeks total damages in the amount of $150,000. (Docket No. 9 at 5).

## Discussion

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, alleging that Major Stanton violated his constitutional rights by keeping him in an unsanitary cell

from April 30, 2020 to May 4, 2020. Because plaintiff is proceeding in forma pauperis, the Court has reviewed his amended complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the official capacity claim against Major Stanton. However, the Court will direct the Clerk of Court to issue process on Stanton in his individual capacity as to plaintiff's conditions of confinement claim.

### A.  Official Capacity Claim Against Major Stanton

Plaintiff has sued Major Stanton in his official capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Major Stanton is alleged to be employed by the Missouri Department of Corrections, a department of the State of Missouri. As such, the official capacity claim against him is actually a claim against the State of Missouri itself. The claim fails for two reasons. First, the state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages. Second, an official capacity claim against a state employee is barred by the Eleventh Amendment.

4

### i.     State is Not a 42 U.S.C. § 1983 "Person"

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, plaintiff is seeking money damages against a state official acting in an official capacity. As noted above, though, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." Because plaintiff is missing an essential element of a 42 U.S.C. § 1983 action, the claim against Major Stanton in his official capacity must be dismissed.

### ii.     Sovereign Immunity

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer sovereign immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in

which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). "A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

In this case, plaintiff has sued a state official in an official capacity for money damages. Sovereign immunity bars such a claim. Furthermore, no exception to sovereign immunity is

present. Therefore, for this reason as well, the official capacity claim against Major Stanton must be dismissed.

**B.  Individual Capacity Claim Against Major Stanton**

Plaintiff has also sued Major Stanton in an individual capacity, asserting that Stanton violated his Eighth Amendment right to a sanitary cell. Under the Eighth Amendment, prisoners have a right to "reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020). In order to allege an Eighth Amendment violation, a prisoner must prove that the defendant's conduct objectively rose to the level of a constitutional violation, "by depriving the plaintiff of the minimal civilized measure of life's necessities." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). "The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Id*. *See also Saylor v. Nebraska*, 812 F.3d 637, 643 (8th Cir. 2016) (stating that with regard "to prison conditions, confinement, and medical care while in prison, the constitutional question is whether defendants acted with deliberate indifference"). A prison official is deliberately indifferent if he or she "knows of and disregards…a substantial risk to an inmate's health or safety." *Saylor*, 812 F.3d at 644.

With regard to unsanitary conditions of confinement, the length of time an inmate is exposed to the conditions is "a crucial factor." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989). "Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months." *Id*. (determining that plaintiff's filthy cell constituted a violation of the Eighth Amendment where he was subjected to the "contested confinement" for two years). In *Smith v. Copeland*, for instance, the United States Court of Appeals for the Eighth Circuit determined that a pretrial detainee's allegations regarding exposure to raw sewage from an overflowed toilet did

not rise to the level of constitutional significance. *Smith v. Copeland* 87 F.3d 265, 268 (8th Cir. 1996). The Court of Appeals noted that plaintiff spent only four days in the cell, and that he had not alleged "that he was exposed to disease or suffered any other consequences of the exposure." *Id*.

Though important, the length of exposure is not necessarily dispositive. For instance, the United States Supreme Court has determined that an inmate who spent just six days in two different cells, one covered in "massive amounts of feces," the other frigidly cold, had been subjected to unconstitutional conditions of confinement. *See Taylor v. Riojas*, 141 S.Ct. 52, 53 (2020). Moreover, other factors are also considered, including the inmate's ability to ameliorate the unsanitary condition. *See Smith*, 87 F.3d at 268 (noting that correctional officers had offered inmate exposed to raw sewage the "opportunity to flush the toilet and clean up the mess"); and *Howard*, 887 F.2d at 137 (noting that inmate's "requests for remedial measures went unheeded, and he was denied access to proper cleaning supplies").

Here, plaintiff has asserted that he suffers from a mental illness with psychotic features. During a psychotic episode, he urinated on the floor of his cell, and then covered the cell door window and camera with feces. Soon after, plaintiff agreed to clean up the mess. According to plaintiff, however, Major Stanton ordered that plaintiff be given no cleaning supplies. He further ordered that plaintiff's cell door could not be opened under any circumstances. Thereafter, plaintiff spent four days in an unsanitary cell, pursuant to Major Stanton's orders. In short, plaintiff has alleged an unconstitutional condition of confinement, and that Major Stanton both knew of the condition and disregarded the risk it posed to plaintiff. The Court must accept these factual allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Court will direct the Clerk of

Court to issue process or cause process to issue on Major Stanton in his individual capacity as to plaintiff's Eighth Amendment conditions of confinement claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claim against defendant Clay Stanton is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Clay Stanton in his individual capacity as to plaintiff's Eighth Amendment conditions of confinement claim. Defendant Stanton shall be served in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

Dated this 24th of  March , 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

9